J-S54012-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES CLAYTON GRACE | : | |
| | : | |
| Appellant | : | No. 1736 WDA 2017 |

Appeal from the PCRA Order October 19, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0006787-2013,
CP-02-CR-0008328-2013

BEFORE:  PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY PANELLA, J.:                FILED NOVEMBER 26, 2018

James Clayton Grace appeals, pro se, from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"). His brief fails to conform to the Rules of Appellate Procedure and, at times, borders on incoherent. To the best of our ability to decipher it, Grace's brief presents five arguments. We conclude none of these arguments merit relief, and to the extent Grace intended to raise other arguments, we find those arguments waived due to the incomprehensible nature of his brief. We thus affirm.

After a bench trial, the court found Grace guilty of a multitude of crimes, most notably aggravated assault, arising from charges he beat and strangled his ex-girlfriend. The ex-girlfriend had previously received a protection from abuse ("PFA") order against Grace based on allegations he had strangled her. Grace also pled guilty to charges arising from a subsequent incident where he

broke into the ex-girlfriend's home after informing his roommate he would kill the ex-girlfriend. These charges included burglary, criminal trespass, terroristic threats, and possession of a weapon. The court sentenced him to an aggregate term of imprisonment of six to twenty years.

Grace did not initially file a direct appeal, but his direct appeal rights were restored nunc pro tunc through PCRA proceedings. On appeal, Grace argued the court abused its discretion in imposing an excessive sentence without considering his mental health and substance abuse problems. This Court affirmed his judgment of sentence, and the Supreme Court of Pennsylvania denied his petition for allowance of appeal on April 18, 2016.

He filed the current PCRA petition on March 15, 2017. The PCRA court appointed counsel, who later successfully petitioned to withdraw. After giving Grace notice of its intent to dismiss his petition, the court entered the order denying it. This timely appeal followed.

Grace lists ten issues for our review:

1.     Whether Appellant received a fair trial?

2.     Whether Appellant suffered from a total lack of defense?

3.     Whether there was prosecutorial misconduct by ADA Pratt?

4.     Whether the sentencing court violated double jeopardy standard?

5.     Whether the sentencing court erred in sentencing Appellant to an aggravated sentence?

6.     Whether there was a layered ineffectiveness of assistance of counsel claim rooted in the constructive denial of counsel?

7. Whether … vindictiveness on behalf of the court … prevented Appellant from complete access to the court?

8. Whether the sentencing court erred by finding Appellant guilty of all three (3) levels of assault and allowing him to plead guilty to all three (3) levels of burglary/criminal trespass?

9. Whether there is a reasonable likelihood of vindictiveness when Appellant exercised his right to bench trial?

10. Whether the court erred by ignoring JRS plan in violation of Pennsylvania's breach of contract test. Civil Rights § 6.5, and Title II of the Americans with Disabilities Act of 1990 (ADA)?

Appellant's Brief, at 2.

In contrast, our review of the argument section of Grace's brief reveals

he is presenting the following arguments, which we summarize as follows:

1. Trial counsel was ineffective for not raising the issue of double jeopardy regarding his convictions for burglary, criminal trespass and terroristic threats.

2. Trial counsel was ineffective for not raising a challenge to the discretionary aspects of Grace's sentence based upon the court being unaware of Grace's psychiatric health.

3. PCRA counsel should not have been permitted to withdraw as the prosecutorial misconduct claim had merit.

4. ADA Pratt committed a Brady violation by withholding photographs of the victim and an orange hoody.

5. The court erred by not honoring its promise to sentence in accordance with a Justice Related Services ("JRS") rehabilitation plan.

See Appellant's Brief, at 12-24.

"When a party's brief fails to conform to the Rules of Appellate Procedure and the defects are substantial, this Court may, in its discretion, quash or dismiss the appeal pursuant to Rule 2101." Giant Food Stores, LLC v. THF Silver Spring Development, L.P., 959 A.2d 438, 443 (Pa. Super. 2008) (citing Pa.R.A.P. 2101).

> While this court is willing to liberally construe materials filed by a pro se litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, any layperson choosing to represent herself in a legal proceeding must, to some reasonable extent, assume the risk that her lack of expertise and legal training will prove her undoing."

Branch Banking and Trust v. Gesiorski, 904 A.2d 939, 942 (Pa. Super. 2006) (citations omitted).

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." Eichman v. McKeon, 824 A.2d 305, 319 (Pa. Super. 2003). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." Gesiorski, 904 A.2d at 942-943 (citations omitted). Thus, to the extent Grace's explicit list of ten issues includes issues beyond these five arguments, we conclude those issues are waived.

As the PCRA court notes, Grace sought to raise "10 issues with a total of 51 subparts" in his Rule 1925(b) statement. The court notes the challenges

it faced in responding to Grace's lengthy, rambling statement. A Rule 1925(b) Statement is necessary for appropriate appellate review.

> This Rule is a crucial component of the appellate process. It is intended to aid trial judges in identifying and focusing upon those issues that the parties plan to raise on appeal. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

16A Standard Pennsylvania Practice 2d § 88:24. Our Supreme Court has stated:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to ad hoc exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court sua sponte[.]

Commonwealth v. Hill, 16 A.3d 484, 494 (Pa. 2011).

While we could find Grace's issues waived due to his failure to provide a clear, concise list, the court's efforts resulted in a thorough analysis of Grace's preserved claims. We thus decline to find that Grace's claims waived due to his failure to comply with the mandates of Rule 1925.

We thus turn to the merits of the issues raised by Grace. We proceed by determining whether the PCRA court's factual findings are supported by the record. See Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa. Super. 2012). In doing so, we read the record in the light most favorable to the

prevailing party. See id. If this review reveals support for the PCRA court's credibility determinations and other factual findings, we may not disturb them. See id. We, however, afford no deference to the PCRA court's legal conclusions. See id.

Grace first argues the PCRA court erred in concluding trial counsel was not ineffective by failing to raise an objection based upon double jeopardy concerns. This issue was not raised in Grace's initial pro se petition, see PCRA Petition, 9/27/16, at 4 (raising only issues of denial of counsel), nor in his amended petition, see Amended Petition, 9/26/17 at 2, 4, 11 (raising challenges to sentence imposed by sentencing court). This issue is therefore waived. See Pa.R.A.P. 302(a).

Next, Grace contends the court erred in concluding trial counsel was not ineffective by failing to challenge the discretionary aspects of his sentence. However, in his direct appeal, Grace argued the court abused its discretion by imposing an excessive sentence, "especially since Appellant possessed longstanding mental health, drug and alcohol problems[.]" Commonwealth v. Grace, No. 459 WDA 2015, at 4 (Pa. Super., filed October 15, 2015) (unpublished memorandum). And we concluded Grace had properly preserved this argument. See id., at 5. Thus, Grace's claim is belied by the record, and he is due no relief.

Next, Grace argues the attorney appointed to represent him on the current PCRA petition should not have been allowed to withdraw. He asserts

his claim of prosecutorial misconduct is not wholly meritless, and thus counsel did not meet the requirements of Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988).[1] However, he did not raise this issue in the PCRA court. It is therefore waived. See Pa.R.A.P. 302(a). See also Commonwealth v. Henkel, 90 A.3d 16, 20 (Pa. Super. 2014) ("PCRA counsel's ineffectiveness may not be raised for the first time on appeal.")

Next, Grace argues the court erred in concluding the prosecutor had not committed a Brady[2] violation. However, this claim is not in either Grace's initial or amended petitions. It is therefore waived. See Pa.R.A.P. 302(a). Also, the claim is procedurally barred under the PCRA. See Commonwealth v. Reyes-Rodriguez, 111 A.3d 775, 780 (Pa. Super. 2015) (en banc) (holding claims of trial court error are either previously litigated or waived for purposes of PCRA review).

Finally, Grace argues the court erred when it did not sentence him according to the JRS plan. The court asserts it never agreed to sentence him pursuant to the JRS plan. Grace does not dispute this. Rather, Grace argues the Americans with Disabilities Act requires sentencing in accordance with the

_____

[1] In Finley, this Court set forth the process by which appointed counsel could seek permission to withdraw their appearance for a collateral petition attacking a conviction.

[2] Brady v. Maryland, 373 U.S. 83 (1963). In Brady, the United States Supreme Court declared that due process is offended when the prosecution withholds evidence favorable to the accused.

JRS plan. However, Grace is not claiming he was discriminated against due to his mental health disabilities. His complaint is that he was not given a special accommodation of a lesser term of imprisonment. He has thus not presented a prima facie case that he was entitled to have the sentencing court impose the JRS plan as his sentence. See, e.g., Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) (finding prisoner did not set forth a violation of the ADA when he had not claimed to be discriminated against on the basis of his disability).

As none of Grace's claims on appeal merit relief, we affirm the order dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2018